IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| LINDA B. TEETS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:01-CV-415 |
| | ) | |
| BRENDA WOODALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JONATHAN D. RAMSEUR, *et ux.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:02-CV-115 |
| | ) | |
| BRENDA R. WOODALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the court for consideration of the "Motion for Leave to Appeal Findings of the Clerk Regarding the Bill of Costs" filed by defendant Ford Motor Company ("Ford") [doc. 503]. Plaintiffs have filed a response to the motion [doc. 505]. For the reasons set forth herein, Ford's motion will be denied, and the taxation of costs as set out in the Findings of the Clerk will remain as issued [doc. 502].

After the trial of this case that resulted in a defense verdict, Ford submitted its bill of costs in which it sought a total of $41,062.95 in costs [doc. 472]. Plaintiffs filed objections to Ford's bill of costs in which they pointed out that many of the requested costs did not comply with this court's Guidelines for Preparing Bill of Costs [doc. 485]. Ford did not respond to these objections and did not submit any additional documentation in support of its bill of costs.

On March 3, 2006, the Findings of the Clerk were filed, and the Clerk allowed a total of $3,461.84 in costs to Ford. In her findings, the Clerk noted deficiencies in the documentation submitted by Ford for certain costs as well as Ford's failure to establish that certain costs were within the limits allowed by the court's Guidelines. On March 20, 2006, Ford filed the pending motion seeking additional time to submit information and to appeal the Findings of the Clerk [doc. 503]. In their response to this motion, plaintiffs argue that this request by Ford is untimely and should be denied. The court agrees.

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . . Such costs may be taxed by the clerk on one day's notice. **On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.**

Fed. R. Civ. P. 54(d)(1) (emphasis added). A party can extend this five day period under Rule 6(b) "if the request is made before the expiration of the period originally prescribed; or

if the motion is made after the expiration of the specified period, the court can permit the act to be done where the failure to act was the result of excusable neglect." *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 770 (6th Cir. 1999); *see also Sutter v. Gen. Motors Corp.,* 100 F. App'x 472 (6th Cir. 2004); *Hornsby v. Tenn. Valley Auth.*, 10 F.R.D. 457 (E.D. Tenn. 1950). However, the five day time limit is not jurisdictional, and this court can in its discretion review an untimely objection to the assessment of costs. *Soberay*, 181 F.3d at 770.

The Clerk issued her taxation of costs on March 3, 2006. Ford's motion to appeal those findings was not filed until March 20, 2006, so it was untimely under Rule 54(d)(1). In addition, Ford did not seek an extension of time under Rule 6(b) within the time prescribed by Rule 54(d)(1) to rectify the untimely filing. Further, Ford has presented no evidence of excusable neglect.

After considering all the circumstances pertaining to this issue, the court finds that this is not an appropriate case to exercise its discretion and consider the untimely motion and appeal. Ford has been represented by highly competent counsel throughout their presence in this lawsuit and had multiple attorneys representing it at trial. This counsel was certainly capable of determining the proper time frame for appealing the taxation of costs by the Clerk, as well as submitting a bill of costs that adheres to the court's Guidelines. Ford has offered no explanation for its failure to timely file its motion, and the court sees no reason to consider the untimely appeal.

Accordingly, Ford's "Motion for Leave to Appeal Findings of the Clerk Regarding the Bill of Costs" [doc. 503] is **DENIED**. The Findings of the Clerk [doc. 502] stand as issued, and, therefore, plaintiffs are taxed and Ford is allowed costs in the total amount of $3,461.84.

**IT IS SO ORDERED**.

ENTER:

_____s/ Leon Jordan_____
United States District Judge